# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| PATRICIA VON ZUR MUEHLEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:18-CV-01733-SNLJ |
| ) | |
| ST. REGIS APARTMENTS, INC., et al, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Plaintiff Patricia Von Zur Muehlen filed this lawsuit against defendants alleging that the defendants had wrongfully refused to transfer ownership of an apartment to her in violation of housing and anti-discrimination laws. Her complaint was filed in October 2018. Plaintiff's first set of attorneys withdrew their representation of her in August 2019. She obtained new counsel, and the parties attempted to settle the matter in the fall of 2019. It appeared that the parties had reached a settlement, as plaintiff's counsel responded to defense counsel's October 31 emailed settlement terms with a voicemail in which he apparently agreed "in principle" on the emailed settlement terms on December 9, 2019. Indeed, defense counsel filed a joint motion to stay the Case Management Order on December 20, stating "The parties have agreed to settle this matter in principle and are in the process of negotiating the settlement agreement." [#41 at 1.]

Plaintiff's counsel drafted the formal agreement and sent it to defense counsel on January 20, 2020. Defendants filed another status report and motion for continuance on

-1-

January 22, stating that defendants "now require additional time to review, revise, and otherwise respond to Plaintiff's proposal." [#44.]

Defendants determined that the plaintiff's proposed agreement omitted a number of terms that had been agreed up on in the original emailed terms. Defendants thus returned a heavily edited redlined draft of the agreement on January 29.

Plaintiff's counsel responded on February 26 that plaintiff would not agree to the revised agreement, and counsel withdrew from the case.

On April 9, 2020, defendants filed the instant motion to enforce settlement.  On the same day, plaintiff filed a pro se notice that she was working on obtaining new counsel, but that various matters including the COVID-19 pandemic were inhibiting her efforts. New counsel for plaintiff entered an appearance on May 11, 2020.  Defendants filed a motion for ruling on the motion to enforce settlement on June 9, and plaintiff has now responded to the  motions.

Plaintiff opposes the motion to enforce because she says no agreement existed.  The parties appear to agree that Missouri law applies.  "The essential elements of a valid settlement agreement are the involvement of parties who are competent to contract, a proper subject matter, legal consideration, mutuality of obligation, and mutuality of agreement." *Chaganti & Associates, P.C. v. Nowotny*, 470 F.3d 1215, 1221 (8th Cir. 2006) (citing *L.B. v. State Comm. of Psychologists*, 912 S.W.2d 611, 617 (Mo. Ct. App. 1995)).

Here, plaintiff disputes that she agreed to the terms set forth by the defendants.  This Court agrees that defendants have not established that plaintiff had orally entered into a binding settlement agreement.  Defendants' motion states that plaintiff's counsel "left a

-2-

voicemail accepting the terms and conditions" as set out in the October 31, 2019 email.  To the extent defendant's exhibits are even properly admitted as evidence, defendants' evidence is not so conclusive.  Defense counsel wrote an email to plaintiff's counsel stating "Thank you for your voicemail re: agreement in principal [*sic*] on our settlement terms. Can you please let me know an ETA for the first draft of the settlement agreement?"

Whether an "agreement in principle" can be legally binding is itself debatable and dependent on the circumstances.  However, the circumstances of this "agreement" suggest that it was not a fully formed settlement, but instead a starting point for drafting a binding settlement agreement.  Plaintiff's counsel apparently wanted to write the first draft of the agreement, and defense counsel's email suggested he knew additional drafting would occur.  Further, less than two weeks later, defendants advised this Court that the parties were still in the "process of negotiating the settlement agreement."  A month after that, defendants wrote that they needed "time to review, revise, and otherwise respond to Plaintiff's proposal."  This evidence does not support that a binding settlement agreement was reached.

Accordingly,

IT IS HEREBY ORDERED that defendants' motion to enforce settlement [#52] is DENIED.

IT IS FURTHER ORDERED that defendants' motion for ruling on motion to enforce settlement agreement or, alternatively, to enter new case management order [#58] is GRANTED.

-4-

IT IS FINALLY ORDERED that the parties shall file a joint proposed Case Management Order by July 17, 2020.

Dated this 1st day of July, 2020.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE