# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| PATRICIA VON ZUR MUEHLEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:18 CV 01733 SNLJ |
| ) | |
| ST. REGIS APARTMENTS, INC., et al, ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

Plaintiff Patricia Von Zur Muehlen moves to set aside the Order and Judgment Granting Attorney's Lien the Court entered in this matter on February 24, 2020.  The lienholder, plaintiff's former attorney, Michael George, opposes the motion.

### Background

Plaintiff retained attorney Michael George to represent her in a dispute concerning the transfer of a stock certificate in the St. Regis Apartments, Inc., as well as possession and occupancy of Unit C7E of the St. Regis.  This dispute has involved a series of actions, including this case and others filed in Missouri state court.  Plaintiff filed her complaint in this case through attorney George on October 11, 2018.  On August 12, 2019, while the matter remained ongoing, George filed a motion to withdraw, explaining plaintiff had discharged him.  The Court granted the motion.

Two new attorneys entered the case for plaintiff ("plaintiff's second attorneys").  On December 27, 2019, George filed a motion to enforce attorney's lien pursuant to § 484.130 RSMo, claiming he had performed 154.75 hours of legal work and advanced $1,422.06 in expenses on the matter, all of which remained unpaid.  He claimed a total of $55,584.56 in unpaid legal fees and expenses.  He provided a redacted invoice of legal fees and expenses and stated the unredacted invoice had been provided to plaintiff and her second attorneys.  Plaintiff never responded to the motion.

Nearly two months later, on February 24, 2020, the Court, noting that no opposition had been filed, granted George's motion.  The Court entered an Order and Judgment granting George an attorney's lien pursuant to § 484.13 RSMo against plaintiff in the amount of $55,584.56, with such lien attaching to the property at issue in the case: St. Regis Apartments, Inc. Stock Certificate No. 267., and unit C7E.

Plaintiff's second attorneys filed a motion to withdraw from the case two days later, citing an irreconcilable breakdown in the attorney-client relationship.  The Court granted the motion.  On May 11, 2020, another attorney entered for plaintiff ("plaintiff's third attorney") and requested a continuance of case deadlines to discuss settlement with defendants.  Plaintiff continued to litigate the case through her third attorney for nearly five more months with no mention of the attorney's lien.

On October 2, 2020, plaintiff filed a voluntary dismissal of all her claims with prejudice and—simultaneously—the motion at issue in this order.  Plaintiff claims she did not know that her second attorneys did not respond to George's motion to enforce an

attorney's lien.  She asks the Court to set aside the Order and Judgment and to either deny George's request for a lien altogether or to reduce the amount of the lien.

As grounds for denying George any fees, plaintiff claims she fired George with cause because he failed to provide her with adequate representation, including by: filing this matter as a housing discrimination case in federal court rather than as a breach of indenture/quiet title matter in state court, which was against her clear directives and wishes, and was done in an attempt to increase his own fees; submitting discovery responses without her knowledge or consent and falsifying documents in previous litigation; and binding her to settlement agreements without first consulting her.

Alternatively, plaintiff argues that even if this Court concludes she discharged George without cause, he is limited to recover only the reasonable value of the services he rendered in this case and that his statement of fees includes work he performed in previous lawsuits, for which he is not entitled to a statutory lien here.

George opposes the motion.  He argues that though plaintiff did not identify the legal basis for the relief she seeks, her motion appears to fall under either Federal Rule of Civil Procedure 60(b)(1), which provides relief from a final judgment or order due to "mistake, inadvertence, surprise, or excusable neglect," or under Rule 60(b)(6), which allows such relief for "any other reason that justifies relief."  He says she has not shown she is entitled to relief under either section, arguing her claim that she did not know her second attorneys did not respond to his motion is not credible and that, even if so, her third attorney knew about the attorney's lien for months and chose not to do anything about it until after the case settled.  George denies plaintiff's allegations regarding the quality of

-3-

representation he provided her. He does not respond to her claim that his invoice includes charges for work done in prior cases.

## ANALYSIS

The attorney's lien at issue is created by Missouri statute. Section 484.130 RSMo reads:

> The compensation of an attorney or counselor for his services is governed by agreement, express or implied, which is not restrained by law. From the commencement of an action or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action or counterclaim, which attaches to a verdict, report, decision or judgment in his client's favor, and the proceeds thereof in whosesoever hands they may come; and cannot be affected by any settlement between the parties before or after judgment.

A lien claim under § 484.130 RSMo is an independent civil action, whether initiated by motion in the underlying case or in a separate action. *Drake Dev't. & Const. LLC v. Jacob Holdings, Inc.*, 366 S.W.3d 41, 47 (Mo. App. 2012). The remedy for enforcing the lien is left to the court's discretion. *Id.* at 45.

Missouri law recognizes a client's right to discharge their attorney at any time, with or without cause, but the exercise of this right is "subject to the attorney's right to be paid for the services rendered up to the point of discharge." *Roberds v. Sweitzer*, 733 S.W.2d 444, 447 (Mo. banc 1987). When an attorney is employed under a contingent fee contract and the client discharges them without cause before judgment or settlement, the attorney's recovery is limited to "the reasonable value of the services rendered, not to exceed the

contracted fee, and payable only upon the occurrence of the contingency." *Plaza Shoe Store, Inc. v. Hermel, Inc.*, 636 S.W.2d 53, 60 (Mo. banc 1982).

Plaintiff does not contest that the case resolved in her favor or that the contingency she contracted for occurred. She does not claim that the lien exceeds the contracted fee. George provided plaintiff unredacted invoices; she does not challenge the reasonableness or value of any of the charges he billed for after the lawsuit commenced. She only claims (1) she should not have to pay him at all because she was not satisfied with his representation, and (2) if she does have to pay for his work, the lien should not include any work George did before filing this lawsuit.

Regardless of the merits of the motion, it was filed nearly ten months after George filed his motion to enforce the lien and nine months after this Court granted George's unopposed motion. Plaintiff's second attorneys did nothing to respond to the motion, and likewise, plaintiff's third attorneys also did nothing for months. The case was settled, and there is no reason attorneys' fees could not have been addressed as part of the settlement. Plaintiff offers this Court no legal reason to set aside the lien, and so both George and this Court must speculate that she seeks relief under Rule 60. Notably, plaintiff filed no reply memorandum clarifying her position. In the face of the unopposed motion, the lack of any timely attention to the enforcement of the lien by two different sets of lawyers, and the absence of any legal basis to alter its order, this Court declines to alter its order enforcing the lien by plaintiff's first attorney.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to set aside the Order and Judgment granting attorney's lien [#65] is DENIED.

Dated this 17th day of May, 2021.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE